FILED
2021 MAR 8
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **JOHN H.,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**ANDREW M. SAUL,**<br>**Commissioner of Social Security,**<br><br>      **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00255-JCB<br><br>Magistrate Judge Jared C. Bennett |

The parties in this case consented to have a United States Magistrate Judge conduct all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is John H.'s ("Plaintiff") appeal of Defendant Andrew M. Saul's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *id*. §§ 1381-1383f. After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary. Based upon the analysis set forth below, the Commissioner's decision is affirmed.

**PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. On May 22, 2017, Plaintiff applied for DIB and SSI.[2] Plaintiff's application was denied initially and after reconsideration.[3]

---

[1] ECF No. 13.

[2] ECF Nos. 16-21, Administrative Record ("AR ___") 77, 218, 228.

[3] AR 138, 144, 150, 153.

After Plaintiff appeared before an Administrative Law Judge ("ALJ") for an administrative hearing on the record, the ALJ issued a written decision on April 18, 2019, denying Plaintiff's claims for DIB and SSI.[4] On February 21, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final for purposes of judicial review.[5] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481. On April 21, 2020, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[6]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted) (first alteration in original).

---

[4] AR 14-26.

[5] AR 1-3.

[6] ECF No. 3.

The aforementioned standards of review apply to the ALJ's five-step evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.
>
> . . . .
>
> Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . .

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); 20 C.F.R. §§ 404.1520(a)(4)(i)-(iii), 416.920(a)(4)(i)-(iii).

At the fourth step, the claimant must show, given his residual functional capacity ("RFC"), that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id.*

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and

3

work experience." *Id*. (quotations and citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits. *Id*.

## ANALYSIS

In support of his claim that the Commissioner's decision should be reversed, Plaintiff argues that the ALJ erred: (1) by failing to find that Plaintiff's impairments met or were equivalent to a listed impairment; and (2) in his treatment of certain medical opinions. Each argument is addressed in turn below.

### I. THE ALJ APPROPRIATELY DETERMINED THAT PLAINTIFF'S IMPAIRMENTS DO NOT MEET OR EQUAL A LISTED IMPAIRMENT.

Plaintiff argues that the ALJ erred at step three by finding his chronic obstructive pulmonary disease ("COPD") does not meet or equal a listed impairment. As indicated above, step three "determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity." *Williams*, 844 F.2d at 751 (quotations and citations omitted). The Listings, found at 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, "define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). "[T]he listings were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Id.*

At step three, a claimant has the "burden to present evidence establishing his impairments meet or equal listed impairments." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). In order to satisfy this burden, a claimant must show that his impairment "meets all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Zebley*, 493 U.S. at 530 (emphasis original).

4

Plaintiff challenges the ALJ's decision by arguing that his "COPD and resulting complications" meet or medically equal Listing 3.02 for chronic respiratory disorders.[7] The Commissioner asserts in response that the ALJ's decision was due, in part, to the fact that Plaintiff's attorney expressly stated in the hearing before the ALJ that Plaintiff did not meet or equal Listing 3.02.[8] Plaintiff's counsel during the administrative proceedings was correct and so was the ALJ.

First, Plaintiff's attorney before the ALJ conceded that Plaintiff did not meet Listing 3.02. The ALJ asked Plaintiff's attorney, "So you're not advocating a listing . . .?"[9] Plaintiff's attorney responded by acknowledging that Plaintiff was "close to listing level" before he stopped smoking, but that the required pulmonary function test numbers are "not there."[10] Because Plaintiff did not present arguments on the Listing 3.02 criteria or the medical equivalency of his COPD, he waived the arguments. *Watson v. Barnhart*, 194 Fed. Appx. 526, 529 (10th Cir.2006) (finding no error where the claimant's counsel had conceded that the claimant was not arguing that her condition met or equaled a listed impairment: "recognizing that [the] claimant has invited the deficiency of which []he complains") (citation omitted); *see, e.g., Turnetine v. Astrue*, No. 09-1183-WEB, 2010 WL 4024776, at *1 (D. Kan. Oct. 13, 2010) (ruling "Plaintiff did not present argument on the 12.04(C) criteria, and therefore the argument is waived.").

Second, regardless of what Plaintiff's attorney in the administrative proceedings said, substantial evidence supports the ALJ's finding that Plaintiff failed to meet the criteria for Listing 3.02. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005) (finding that an ALJ's failure to elaborate on a finding that a claimant's impairments did not meet or equal a listed impairment was harmless where the evidence

---

[7] ECF No. 24 at 18.

[8] ECF No. 26 at 8; AR 37.

[9] AR 37.

[10] *Id.*

5

supported such a finding). Plaintiff bears the burden of proof in establishing that his impairments meet or equal a listing and he must show that his impairments meet the specified criteria via medical evidence. *See, e.g., id*. at 733.

In evaluating the severity of Plaintiff's impairment, the ALJ considered whether his condition met or was equivalent to the criteria of either of two respiratory system impairment listings: Listing 3.02, chronic respiratory disorders, and Listing 3.03, asthma.[11] Plaintiff challenges the ALJ's finding for Listing 3.02, but not Listing 3.03. Listing 3.02 requires that Plaintiff must experience $FEV_1$ levels of 1.60 or lower, based on his height of 173 cm. 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 § 3.02A. The ALJ is required to consider the <u>highest</u> value of the claimant's $FEV_1$ to assess the severity of the respiratory impairment. Appendix § 3.00(E)(1) (emphasis added). In this case, the August 29, 2017 pulmonary function test indicated $FEV_1$ levels of 1.26 (pre) and 1.67 (post).[12] Because Plaintiff's highest $FEV_1$ value of 1.67 exceeded the required numerical value of 1.60, the ALJ correctly determined that Plaintiff's condition did not meet or equal Listing 3.02. Consequently, Plaintiff's argument to the contrary fails.

## II. THE ALJ DID NOT ERR IN HIS TREATMENT OF MEDICAL OPINIONS.

Plaintiff next argues that the ALJ erred in rejecting opinions from treating and examining physicians without providing legally sufficient reasons.[13] Plaintiff asserts the ALJ relied on "illegitimate reasons" in finding the opinions of Alisa A. Knowlton, M.D. ("Dr. Knowlton") are unpersuasive. Similarly, Plaintiff contends the ALJ improperly discounted the opinions of David G. Ericksen, Ph.D. ("Dr. Ericksen") without adequate explanation or "valid rationale."[14] Both arguments are unavailing.

---

[11] AR 18.

[12] AR 775.

[13] ECF No. 24 at 10.

[14] *Id*. at 10, 16.

As the parties point out, new regulations were promulgated applying to cases filed with the Social Security Administration ("SSA") on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5,844-01, 5,854, 2017 WL 168819 (SSA Jan. 18, 2017). The new regulations changed the procedures and standards for evaluating evidence, including medical source opinions. Because Plaintiff filed his claim in May 2017, the ALJ correctly applied the revised regulations.

Under the old regulations, the opinions of treating sources are generally entitled to more weight. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Treating-source opinions are given "controlling weight" when they are "well supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent" with other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

The new regulations set forth in 20 C.F.R. §§ 404.1520c and 416.920c abrogate the treating physician rule for claims filed on or after March 27, 2017. The ALJ will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical source's opinions using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant (which encompasses the length of treatment relationship, frequency of examinations; purpose and extent of treatment relationship, and examining relationship); (4) specialization; and (5) other factors tending to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). For supportability, "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical

7

source increase." *Vellone v. Saul*, 120CV00261RAKHP, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1)). Consistency, on the other hand, "is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id*. (citing 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2)). The ALJ must explain his/her approach with respect to these factors when considering a medical opinion, but he/she is not required to expound on the remaining three unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record albeit not identical. 20 C.F.R. §§ 404.1520c(b)(2)-(3), 416.920c(b)(2)-(3).

     Here, the ALJ did just as the new regulations require. He explained, based on the factors of supportability and consistency, how persuasive he found all of the medical opinions and prior administrative medical findings.[15] The ALJ found the prior administrative medical findings of Dr. Judd, Dr. Rapps, Dr. Johnson, and Dr. McCay persuasive.[16] They opined that Plaintiff is capable of light work with certain limitations.[17] The ALJ reasoned that these opinions are supported by their explanations of the objective medical evidence and consistent with the examination findings in the record. The ALJ also found these opinions to be consistent with the subjective reports of Plaintiff and his mother about his functional capabilities.

     In contrast, the ALJ found the medical opinions of Dr. Knowlton and Dr. Ericksen unpersuasive because they lacked supportability and consistency with the evidence.[18] First, the ALJ found Dr. Knowlton's opinions lacked supportability because her opinions were not supported by her treatment notes and were unaccompanied by meaningful explanations or citations to objective evidence. This is

---

[15] AR 18-24.

[16] AR 23.

[17] *Id*.

[18] AR 22-23.

consistent with Tenth Circuit law that a medical opinion may be rejected by the ALJ if it is brief, conclusory, or inadequately supported. *Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). Likewise, the ALJ found that Dr. Knowlton's opinion was inconsistent with the treatment records, objective results of the consultative examinations, and Plaintiff's mother's subjective function report.[19]

Next, the ALJ found Mr. Ericksen's opinions suffered from similar deficiencies. Regarding supportability, the ALJ found Dr. Ericksen's determination that Plaintiff had "difficulty with interaction" and limited "ability to carry out instructions" problematic in that it was not supported by the mental examinations and observations in the record.[20] The ALJ also found the inconsistences between Dr. Ericksen's treatment notes, showing "no significant mental health abnormalities" and Plaintiff's own testimony that he "was able to get along with some coworkers and supervisors when he was working,"[21] discredited the opinion.

Plaintiff disclaims the ALJ's reasoning as "illegitimate." In doing so, however, Plaintiff neither offers specific evidence nor points to any specific violation of 20 C.F.R. §§ 404.1520c or 416.920c. The court will not reweigh this evidence. *Madrid*, 447 F.3d at 790 ("In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." (quotations and citation omitted)). Consequently, the court finds the ALJ applied the correct legal standard and substantial evidence supports his findings. Because Plaintiff has not shown the ALJ applied an erroneous standard or that the evidence compels a different result, the request for remand is denied.

---

[19] *Id*.

[20] *Id*.

[21] *Id*.

## ORDER

All of Plaintiff's arguments fail. Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED March 8, 2021.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge